UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
HIROKI TAKAHASHI,

        Plaintiff,

        -against-

RENATO CUYCO, ET AL.,

        Defendants.
-----------------------------------------------------------X

MEMORANDUM
AND ORDER
15 CV 3763 (RRM)(RML)

LEVY, United States Magistrate Judge:

        Plaintiff Hiroki Takahashi ("plaintiff") commenced this action on June 28, 2015, contending that this court's jurisdiction is proper under 28 U.S.C. § 1332(a)(2).[1] (See Complaint, dated June 28, 2015; Amended Complaint, dated July 16, 2015 ("Am. Compl.").) This provision of the diversity jurisdiction statute confers alienage jurisdiction. See 28 U.S.C. § 1332(a)(2).

---

[1] Defendants state that plaintiff filed a similar action in the Southern District of New York on June 3, 2015. (Cuyco Defendants' Memorandum of Law, dated Dec. 7, 2015, at 2.) Shortly after filing, the court in that action issued an Order to Show Cause, indicating that "Plaintiff's Complaint fails to identify the citizenship of Defendants Champion Auto Leasing, LLC and Champion Autosports Performance & Custom Creations, LLC." (See Order of the Honorable J. Paul Oetken, dated June 9, 2015, annexed to Declaration of Stefanie Collela-Walsh, dated Dec. 7, 2015 ("Collela-Walsh Decl."), as Ex. B.) On June 10, 2015, plaintiff executed a Notice of Voluntary Dismissal. (See Notice of Voluntary Dismissal, dated June 10, 2015, annexed to Collela-Walsh Decl. as Ex. C.) In the instant action, while it is undisputed that plaintiff is listed as a member on the Certificate of Formation of defendant Champion Auto Leasing, LLC, plaintiff "denies being a member of Champion [Auto] Leasing and denies any involvement in Champion [Auto] Leasing from pre-incorporation to the present." (Amended Complaint, dated July 16, 2015, ¶ 13.)

Defendants Renato Cuyco, Juan C. Abuan, Dido Kim, Yin Liu, Jason Shin, Joseph Yi, James F. Paguiligan, Lincoln Tan, Jr., and Champion Autosports Performance & Custom Creations, LLC have moved to dismiss the amended complaint for lack of subject matter jurisdiction.[2]  (See Notice of Motion to Dismiss Plaintiff's First Amended Complaint by Renato Cuyco, Juan C. Abuan, Dido Kim, Yin Liu, Jason Shin, Joseph Yi, and Champion Autosports Performance and Custom Creations, LLC, dated Dec. 7, 2015; Notice of Motion to Dismiss by Lincoln Tan, dated Dec. 7, 2015; Notice of Motion to Dismiss by James F. Paguiligan, dated Dec. 7, 2015.)  Significantly, plaintiff has not alleged or otherwise indicated whether he is a lawful permanent resident of the United States.[3]  This affects the jurisdictional analysis under 28 U.S.C. § 1332(a)(2), the purported basis for jurisdiction. See 28 U.S.C. § 1332(a)(2) (proscribing that "district courts shall not have original jurisdiction [ ] of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State"); see also 3C Am. Jur. 2d Aliens and Citizens § 2106 ("Although a natural person with foreign citizenship is generally considered a citizen of a foreign state, even if that person is residing in the United States, an exception to this rule is where the person has been admitted to the United States for permanent residence and the litigants are domiciled in the same state.").  Thus, plaintiff has provided the court with insufficient information to enable a jurisdictional determination.

---

[2]  Defendants' motions were referred to me by the Honorable Roslynn R. Mauskopf, United States District Judge, to issue a Report and Recommendation.  (See Order, dated Dec. 8, 2015.)

[3]  I note that plaintiff does not explicitly allege his citizenship in the amended complaint.  (See Am. Compl. ¶ 1 (Plaintiff "is an individual residing in Queens, New York.").)  I further note that defendants address documents related to a pending visa petition for plaintiff as a nonimmigrant worker, in connection to their argument that plaintiff is a citizen of New Jersey.  (See Cuyco Defendants' Memorandum of Law, dated Dec. 7, 2015, at 5-6; Response to USCIS Request for Evidence by Jesus Martin L. Reyes, Esq., dated Sept. 30, 2014, annexed to Collela-Walsh Decl. as Ex. P.)

As the court raises this deficiency sua sponte, plaintiff is directed to file a letter on or before June 27, 2016, explaining the relationship of his immigration status to the issues before the court.[4] Failure to do so may result in sanctions, including a possible recommendation of dismissal. Defendants may then respond to the letter on or before July 5, 2016. Upon review, the court will determine whether further briefing as to defendants' motions is necessary.

SO ORDERED.

Dated: Brooklyn, New York
June 20, 2016

/s/
ROBERT M. LEVY
United States Magistrate Judge

---

[4] Plaintiff may request to file such letter with access limited to participants in this case.