UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HIROKI TAKAHASHI,

                Plaintiff,

      - against -

RENATO CUYCO; JUAN C. ABUAN; DIDO KIM;
YIN LIU; JASON SHIN; JOSEPH YI; CHAMPION
AUTO LEASING, LLC; CHAMPION AUTOSPORTS
PERFORMACE & CUSTOM CREATIONS, LLC;
JAMES F. PAGUILIGAN; LINCOLN TAN, JR.;
CUSTOM CREATIONS, LLC,

                Defendants.
-------------------------------------------------------------------X

ORDER ON
REPORT AND RECOMMENDATION
15-CV-3763 (RRM) (RML)

ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff Hiroki Takahashi commenced this action for, *inter alia*, breach of fiduciary duty, conversion, and fraud, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2). (Compl. (Doc. No. 1); Am. Compl. (Doc. No. 5) at 3.) Defendants assert that this Court lacks jurisdiction, and moved to dismiss and for sanctions. (Doc. Nos. 29–31.) This Court referred those motions to the assigned Magistrate Judge, the Honorable Robert M. Levy, for a Report and Recommendation ("R&R").

      On July 18, 2016, Judge Levy issued an R&R recommending that defendants' motions to dismiss be granted, and the motions for sanctions be denied. (R&R (Doc. No. 55) at 7.) Judge Levy found that, for purposes of diversity jurisdiction, Takahashi is an alien and a member of defendant Champion Auto Leasing, LLC. (R&R at 3–4.) Because a limited liability company ("LLC") takes the citizenship of its members, Judge Levy concluded that the action lacked complete diversity as a suit between aliens on one side and citizens and aliens on the other side. (*Id.* at 4–5 (citing *Universal Licensing Corp. v. Paola del Lungo S.P.A.*, 293 F.3d 579, 581 (2d Cir. 2002)

(holding that diversity jurisdiction is lacking "where on one side there are citizens and aliens and on the other side there are only aliens")).)

Takahashi filed a timely objection. (Pl.'s Objection (Doc. No. 56).) The parties submitted further letter briefing on the issues. (Cuyco Defs. 8/15/16 Ltr. (Doc. No. 57); Paguiligan 8/15/16 Ltr. (Doc. No. 58); Tan 8/15/16 Ltr. (Doc. No. 59); Paguiligan 8/22/16 Ltr. (Doc. No. 60); Cuyco Defs. 8/22/16 Ltr. (Doc. No. 61); Tan 8/22/16 Ltr. (Doc. No. 62); Takahashi 8/26/16 Ltr. (Doc. No. 63); Cuyco Defs. 8/30/16 Ltr. (Doc. No. 64); Takahashi 9/6/16 Ltr. (Doc. No. 65).) In that briefing, the parties raise new factual issues that may bear on the resolution of the jurisdictional issue.

For the reasons below, the matter is recommitted to Judge Levy for further proceedings consistent with this Order.

### STANDARD OF REVIEW

When reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party raises an objection to an R&R, "the court is required to conduct a *de novo* review of the contested sections." *See Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). Portions to which no party has objected are reviewed for clear error. *See Morritt v. Stryker Corp.*, 973 F. Supp. 2d 177, 181 (E.D.N.Y. 2013); *Price v. City of New York*, 797 F. Supp. 2d 219, 223 (E.D.N.Y. 2011). The Court will find clear error only where, upon a review of the entire record, it is left with the definite and firm conviction that a mistake has been committed. *See* Fed. R. Civ. P. 72(a); *Regan v. Daimler Chrysler Corp.*, No. 07-CV-1112 (RRM) (JO), 2008 WL 2795470, at *1 (E.D.N.Y. July 18, 2008) ("[T]he district court must affirm the decision of the magistrate judge unless the district court on the entire evidence is left with the definite and firm conviction that a

mistake has been committed." (quoting *Nielsen v. New York City Dep't of Educ.*, No. 04-CV-2182 (NGG) (LB), 2007 WL 1987792, at *1 (E.D.N.Y. July 5, 2007)).

## DISCUSSION

Takahashi bears the burden of establishing jurisdiction. *Lindardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998). He was required to "allege a proper basis for jurisdiction in his pleadings and must support those allegations with 'competent proof' if a party opposing jurisdiction properly challenges those allegations." *Id.*

Takahashi concedes that he is a citizen of Japan, and that he is not a Lawful Permanent Resident of the United States. He is a Japanese national, currently residing in the United States pursuant to an E-2 non-immigrant visa. (*See* Takahashi 6/23/16 Ltr. (Doc. No. 52).) Thus, he does not challenge the legal conclusion that he is an alien for purposes of jurisdiction, as Magistrate Judge Levy properly found. (R&R at 3, n.1.) *Williams v. Sunnyside Corp.*, No. 08-CV-2339, 2008 WL 4443227 at *1 (E.D.N.Y. Sept. 3, 2008) ("An alien [other than a permanent resident alien] residing in the United States is nonetheless a foreign citizen for purposes of section 1332(a)(2)."). Nor does he challenge Judge Levy's legal conclusion that a limited liability company takes on the citizenship of each of its members. (R&R at 3-4.) *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt., LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

Instead, Takahashi challenges Judge Levy's finding that Takahashi was a member of defendant Champion Auto Leasing, LLC ("Champion Leasing"), renewing his claim that he was fraudulently listed as a member of Champion Leasing without his knowledge and consent. (Pl.'s Objection at 1; R&R at 4 n.3, 5.) He seeks to have this issue remanded to Judge Levy "to schedule a conference to set a date for completing discovery on the issue of Plaintiff's knowledge and consent, and for whatever other proceedings Magistrate Judge Levy may deem necessary and appropriate, including any motion practice or holding a hearing to resolve issues of credibility."

3

(Pl's Obj. at 3.)   Defendants object, asserting that there is ample evidence in the record supporting the Magistrate Judge's determination that Takahashi was a member of Champion Leasing at the time the instant action was filed, thereby destroying diversity jurisdiction. (*See, e.g.,* Cuyco Defs. Ltr. 8/15/16.)  Further, defendants raise, for the first time, the foreign citizenship of defendant Juan C. Abuan which, defendants assert, destroys diversity.

In light of this new information, and reviewing the R&R *de novo*, the Court finds that remand to Judge Levy is appropriate.  The Court notes at the outset that it is not ordering discovery or a hearing, and will leave to the discretion of the excellent and experienced magistrate judge assigned to this case the steps to be taken to resolve the issue of subject matter jurisdiction in light of the concerns addressed below.

Judge Levy principally relies on the following to support his conclusion that Takahashi was a member of Champion Leasing.  First is Champion Leasing's Certificate of Formation, which was ostensibly filed in accordance with New Jersey law on April 22, 2014.  (Walsh Decl., Ex. J ("Certificate of Formation") (Doc. No. 29-12).)  The Certificate of Formation lists Takahashi as a member.  (*Id.* at 2.)  Relying on N.J. Stat. Ann. § 42:2C-18 as defendants argued, Judge Levy found that "[a] limited liability company is formed when the filing office has filed the certificate of formation and the company has at least one member. . . ."  (R&R at 4, n.2.)  Judge Levy went on to note:

> Plaintiff cites no authority, and this court's research uncovered none, for the proposition that membership in an LLC is dependent on knowledge, approval or consent, or indeed anything other than simply being listed on the Certificate of Formation.  If plaintiff wishes to challenge New Jersey state law on that issue, he is free to do so in New Jersey State court.

(*Id.* at n.3.)

Judge Levy was correct in one regard – plaintiff has provided no legal authority to support his cause, either to Judge Levy or to this Court in his objections.[1] And Judge Levy may be correct regarding the intricacies of New Jersey law on LLCs. However, Section 2C-31 of the same statute on which Judge Levy relied, entitled "Becoming a member," provides:

   a. If a limited liability company is to have only one member upon formation, the person becomes a member as agreed by that person and the organizer of the company. . . .

   b. If a limited liability company is to have more than one member upon formation, those persons become members as agreed by the persons before the formation of the company. The organizer acts on behalf of the persons in forming the company and may be, but need not be, one of the persons.

   c. After formation of a limited liability company, a person becomes a member: . . .

      (3)  *with the consent of all the members* . . .

N.J. Stat. Ann. § 42:2C-31 (West) (emphasis added).[2] This provision gives the Court pause, and suggests that the Certificate of Formation itself may not be the last word in resolving Takahashi's membership in Champion Leasing, particularly in light of Takahashi's assertions that he was unaware of the fact that he had been listed – fraudulently, he claims – as a member.

The second thing that Judge Levy relied on in support of Takahashi's membership in Champion Leasing is Takahashi's reliance on his membership in Champion Leasing to support his own petition to change his visa from F-1 student status to E-2 investor status, as evidenced by a number of documents submitted by defendants. (*See* R&R at 4–5; Walsh Decl., Ex. P ("September USCIS Ltr.") (Doc. No. 29-18) at 5–6 (Letter to USCIS in response to an RFE Notice, listing Takahashi as an investor and partner of Champion Auto Leasing, LLC and seeking to change

---

[1] In fact, Takahashi initially took the position that this Court had subject matter jurisdiction based on his domicile in New York, diverse from the New Jersey domicile of certain defendants. Only when Judge Levy ordered Takahashi to explain his citizenship and his status in the United States – under penalty of sanctions – did the issues crystallize around Takahashi's alienage. *See* Mem. & Order, 6/20/2016 (Doc. No. 51).

[2] New Jersey's limited liability statute also makes clear that "[a] person may become a member without acquiring a transferable interest and without making or being obligated to make a contribution to the limited liability company." N.J. Stat. Ann. § 42:2C-31(d).

5

Takahashi's visa from an F-1 student visa to an E-2 investor visa); *see also* Walsh Decl., Exs. I, Q, R (Doc. Nos. 29-11, 29-19, 29-20, respectively) (e-mail correspondence to and from Takahashi regarding the visa application).) As with the Certificate of Formation, Takahashi claims that he was unaware of these applications as well, despite evidence of e-mail correspondence sent to Takahashi and others.

To be sure, that Takahashi was listed in a Certificate of Formation duly filed with the proper authorities in the State of New Jersey is competent evidence that Takahashi was, indeed, a member of Champion Leasing. So too is the evidence regarding his efforts to change status. But in order for them to carry the day on the material issue of fact on the issue of jurisdiction – Takahashi's membership in Champion Leasing – this evidence must be *credited* over the evidence presented by Takahashi that he claims demonstrates that he was never a member of Champion Leasing.[3] *See Zappia Middle E. Const. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000) ("On a Rule 12(b)(1) motion challenging the district court's subject matter jurisdiction, the court may resolve the disputed jurisdictional facts by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing.").

It is not clear whether Judge Levy credited the materials upon which he relied and rejected those proffered by Takahashi. He very well may have done so, without the need for a hearing, given the extensive record in this action and his full review thereof. However, this Court cannot fully assess how Judge Levy resolved these issues, and Takahashi's request for discovery and/or a

---

[3] As examples: Takahashi asserts in a sworn affidavit that he was not a member of Champion Leasing. (*See* Doc. No. 46-3.) In addition, Takahashi submitted a document, ostensibly obtained by subpoena from PNC bank, that purported to demonstrate that defendant Cuyco was the 100% owner of Champion Leasing. (Doc. Nos. 44 at 2; 44-3.) Defendants countered by pointing out that the document was not signed, and that another document actually signed by Cuyco indicates that Cuyco is only a 50% owner. (Doc. Nos. 44 at 2; 44-4.) While this skirmish between the parties is not dispositive of the ultimate factual issue, it is important to better understand how, if at all, such materials, among others, factored into Judge Levy's conclusion that Takahashi was a member of Champion Leasing. In a similar vein, the Court notes that in the post-R&R briefing, Takahashi submitted a letter addressed to the Department of Treasury, dated November 2015, on the letterhead of and signed by Takahashi's counsel in this action, that requests that his name be removed from the Department's Champion Auto Leasing, LLC record, (11/19/15 Ltr. to Dep't of the Treasury (Doc. No. 63) at 4). It is curious that this letter was not produced earlier in the litigation.

hearing.[4] This, together with the concerns prompted by Section 42:2C-31 outlining how one becomes a member of an LLC, augur in favor of remand.

As mentioned above, there is a new wrinkle affecting subject matter jurisdiction that arose in the post-R&R briefing that also warrants a closer look by the magistrate judge, and may ultimately bear on the resolution of all of the issues underlying subject matter jurisdiction. It appears that defendant Juan C. Abuan is a citizen of the Republic of the Philippines and a lawful permanent resident of the United States, domiciled in New Jersey. (Cuyco Defs. 8/22/16 Ltr. at 2 n.1; Cuyco Defs. 8/30/16 Ltr. at 2.) Because Takahashi is an alien, and Abuan is also an alien, diversity is destroyed.[5] *Universal Leasing Corp.*, 293 F.3d at 581

Takahashi concedes that "should Abuan remain as a defendant, this Court would lose jurisdiction. (Doc. No. 65.) But Takahashi proposes a solution: invoking Rule 21 of the Federal Rules of Civil Procedure to have the Court on its own motion to drop Abuan as a party, asserting that "as a joint-tortfeasor, Defendant Abuan is a dispensable party, *see, e.g. Samaha v. Presbyterian Hospital*, 757 F.2d 529, 531 (2d Cir. 1985), as it is not necessary to name all potential joint tortfeasors in one lawsuit." (*Id*. at 1.) Takahashi does not undertake an analysis of the issue, and only states, in the most conclusory of ways, that "there would be no prejudice to any party in dismissing the action against Defendant Abuan at this early stage." (*Id*.) Defendants have not had the opportunity to respond to Takahashi's proposal. As this issue may factor in to the most efficient resolution of the Court's subject matter jurisdiction, it is respectfully referred to Magistrate Judge Levy.

---

[4] As defendants note, Judge Levy fully addressed discovery, and Takahashi indicated that he needed none, other than his need for records from PNC bank, which Takahashi obtained.

[5] Abuan's resident alien status is only relevant if an opposing party is a U.S. citizen domiciled in the same state as a lawful permanent resident. 28 U.S.C. § 1332(a)(2); *H.K. Huilin Int'l Trade Co. v. Kevin Multiline Polymer Inc., K.M.*, 907 F. Supp. 2d 284, 289 (S.D.N.Y. 2012) (finding that section 1332 "does not provide jurisdiction between a nonresident alien on one side and resident aliens and United States citizens on the other"). Because Takahashi is an alien, Abuan's permanent resident status does not factor into the diversity calculus, only Abuan's alienage does.

## CONCLUSION

For the reasons stated herein, this action is recommitted to Magistrate Judge Levy for further proceedings consistent with this Order.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
September 23, 2016

_____
ROSLYNN R. MAUSKOPF
United States District Judge