UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HIROKI TAKAHASHI,

                Plaintiff,

     - against -                             **MEMORANDUM AND ORDER**
                                              **TRANSFERRING THIS ACTION**

                                                15-CV-3763 (RRM) (RML)

RENATO CUYCO; JUAN C. ABUAN; DIDO KIM;
YIN LIU; JASON SHIN; JOSEPH YI; CHAMPION
AUTO LEASING, LLC; CHAMPION AUTOSPORTS
PERFORMACE & CUSTOM CREATIONS, LLC;
JAMES F. PAGUILIGAN; LINCOLN TAN, JR.; and
CUSTOM CREATIONS, LLC,

                Defendants.
------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

       Plaintiff Hiroki Takahashi commenced this action for, *inter alia*, breach of fiduciary duty, conversion, and fraud, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2). (Compl. (Doc. No. 1); Am. Compl. (Doc. No. 5).) Takahashi now seeks leave to file a second amended complaint to drop four diversity-destroying defendants. Alternatively, Takahashi moves for the Court to exercise its discretionary powers under Federal Rule of Civil Procedure ("Rule") 21 to drop these diversity-destroying defendants. (Mot. Amend (Doc. No. 86, 93, 94).) Defendants Renato Cuyco, Juan C. Abuan, Dido Kim, Yin Liu, Jason Shin, Joseph Yi, and Champion Autosports Performance and Custom Creations, LLC (collectively "the Cuyco defendants"), and Lincoln Tan oppose Takahashi's motion on the grounds that the Court's lack of subject matter jurisdiction is incurable.[1] These defendants move to dismiss the complaint for,

---

[1] Takahashi and James Paguiligan entered into and filed a stipulation and order of dismissal on March 13, 2018. (*See* Stip. (Doc. No. 101).) Accordingly, Paguiligan is no longer a defendant in this case.

*inter alia*, lack of subject matter jurisdiction pursuant to Rule 12(b)(1), and failure to join a required party under Rule 19 pursuant to Rule 12(b)(7), and in the alternative, to dismiss this action under the doctrine of *forum non conveniens*. (Cuyco Mot. (Doc. No. 88).)

For the reasons set forth below, this action may proceed against Cuyco and Tan only. In addition, the Court finds that venue in this district is improper, and in the interests of justice and for the convenience of parties and witnesses, transfer of this action to the United States District Court for the District of New Jersey is warranted. In light of the transfer, Takashi's motion to amend is denied without prejudice to renew in the transferee court.

## BACKGROUND[2]

In March 2013, Takahashi and Cuyco formed non-party Champion Autosports LLC ("Champion Autosports") in New Jersey. (Am. Compl at ¶¶ 12, 24–25.) Champion Autosports employed defendant Abuan, who assisted in the business of selling and servicing cars. (*Id.* at ¶ 35–37.) For purposes of that business, Takahashi entered into a lease at 1980 Route 35 in South Amboy, New Jersey ("the Lease"). (*Id.* at ¶ 26.) Takahashi alleges that immediately upon the creation of Champion Autosports, Cuyco began embezzling money from the business. (*Id.* at ¶ 40.) In November 2014, Cuyco falsely represented to Takahashi that Champion Autosports was a money losing venture when, in fact, the business was earning a profit. (*Id.* at ¶ 38.)

Shortly after the inception of their joint venture, Takahashi alleges that Cuyco formed two new companies in direct competition with Champion Autosports: defendants Champion Auto Leasing LLC ("C.L.") and Champion Autosports Performance & Custom Creations LLC ("C.P."). (*Id.* at ¶¶ 10, 12.) Cuyco, with the assistance of his attorneys, former-defendant Paguiligan and current-defendant Tan, surreptitiously renegotiated the Lease to accommodate

---

[2] The following facts are taken from Takahashi's Amended Complaint, and assumed true for purposes of this Memorandum and Order.

co-member of Champion Autosports; and (2) Tan's aiding and abetting Cuyco's breach of fiduciary duty.

### III. *Forum Non Conveniens* and Venue

Cuyco and Tan seek dismissal of this action under the doctrine of *forum non conveniens*, asserting that this action must be brought in New Jersey. However, "the federal doctrine of *forum non conveniens* has continuing application only in cases where the alternative forum is abroad." *Am. Dredging Co. v. Miller*, 510 U.S. 443, 460 n.2 (1994); *accord Evolution Online Sys. v. Koninklijke PTT Nederland N.V.*, 145 F.3d 505 (2d Cir. 1998). While they invoke the common law doctrine, the arguments they set forth equally support transfer of this action for the convenience of the parties and witnesses under the statutory analog found at 28 U.S.C. § 1404(a).[8]

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). A court has broad discretion in determining a motion for transfer and considers a variety of factors in making that determination, such as:

> (1) convenience of the witnesses; (2) convenience of the parties; (3) the locus of the operative facts; (4) the availability of process to compel the attendance of unwilling witnesses, (5) the location of relevant documents and the relative ease of access to sources of proof, (6) the relative means of the parties, (7) the forum's familiarity with the governing law, (8) the weight accorded the plaintiff's choice of forum, and (9) trial efficiency and the interest of justice, based on the totality of the circumstances.

*Dealtime.com v. McNulty*, 123 F.Supp.2d 750, 754-55 (S.D.N.Y. 2000). The party seeking transfer has the burden of making a "clear-cut" showing that transfer is warranted. See

---

[8] The Court notes that the time for Cuyco and Tan to answer has not yet run, and they have timely asserted their challenge to venue not only in the instant motion, but from the outset of this litigation. *See* Doc. No. 29-1 at 20-22. Moreover, they are now proceeding *pro se*.

15

*O'Hopp v. ContiFinancial Corp.*, 88 F.Supp.2d 31, 34 (E.D.N.Y. 2000). Following consideration of these factors, the Court finds that Cuyco and Tan have easily carried their burden, and that transfer to the District of New Jersey is appropriate.

The locus of the operative facts in this action is in New Jersey; none occurred in this district, or in this state. They all arise out of fraud alleged to have been committed through a New Jersey limited liability corporation. Of the original defendants, all eight were citizens of New Jersey, including Cuyco and Tan, who remain. The remaining causes of action, brought under the court's diversity jurisdiction, are all grounded in New Jersey state law.[9] Takahashi will be able to seek in New Jersey the same remedies under the same laws as here. Indeed, a New Jersey court has a much greater interest in construing and applying its state law than does an out-of-state forum.

The vast majority if not all of the witnesses, including non-party witnesses, will be based in New Jersey, as will the bulk of the documentary and other evidence, with compulsory process available to secure it. While Takahashi suggests that technology – faxing, scanning and emailing – as well as the proximity of New Jersey to the Eastern District of New York, lessens this burden, *see* Doc. No. 86-22 at 1, these factors here carry little weight. First, there is no need to incur unnecessary expenses for witnesses or the defendants to travel to New York to testify or to defend this action. Second, they are far outweighed by the fact that there is absolutely no connection between the operative facts and this district.

---

[9] The law of the jurisdiction where a tort occurred will generally apply to a lawsuit because that jurisdiction has the greatest interest in regulating behavior within its borders. *Curley v. AMR Corp.*, 153 *F.3d* 5, 12 (2d Cir. 1998); *see also Ioannidis v. Marika Mar. Corp.*, 928 *F. Supp.* 374, 379 (S.D.N.Y. 1996) ("While the Court need not definitively resolve the choice of law issue at this point, the likelihood that foreign law will apply weighs against retention of the action."); *See also William J. Conlon & Sons, Inc. v. Wanamaker*, 583 *F.Supp.* 212, 214 (E.D.N.Y. 1984) (New York uses the "interest analysis" which requires the court to apply the law of the jurisdiction with the most interest in the problem, thus allowing it to "apply the policy of the jurisdiction 'most intimately concerned with the outcome of the particular litigation'").

The only argument proffered by Takahashi to maintain this action in this court is his claim that he is a resident of Queens, New York. Assuming, for the sake of this discussion, that this fact is true, it carries little weight in the analysis. First, a *plaintiff's* residence cannot serve as a basis for federal venue. *See* 28 U.S.C. § 1391(b). Second, as has been revealed in this action (notwithstanding Takahashi's selective disclosures), Takahashi is a citizen of Japan and does not hold Lawful Permanent Resident status in the United States. Rather, he holds an E-2 non-immigrant visa.

Deference to the plaintiff's forum becomes a stronger consideration where the plaintiff is an American citizen, especially in cases in which the underlying claims arose under United States law or seek to enforce or promote significant American policy interests. *See Piper Aircraft v. Reyno,* 454 U.S. 235, 256 (1981) (emphasizing that this rule is not intended to disadvantage foreign plaintiffs but rather reflects a realistic prediction of the ultimate convenience of the forum); *DiRienzo v. Philip Servs. Corp.,* 294 F.3d 21, 31 (2d Cir. 2002). Where the circumstances indicate that the parties and events bear no bona fide connection plaintiff's choice of forum, that choice is not entitled to special deference, in particular where the claimant is a foreign resident. *See Piper Aircraft,* 454 U.S. at 256; *Iragorri v. United Techs.,* 274 F.3d 65, 72 (2d Cir.2001).

Moreover, Takahashi also maintains close ties to – if not the hallmarks of residency in – New Jersey. As defendants have demonstrated in this litigation, Takahashi maintains a drivers' license, insurance and vehicle registration in New Jersey, and has reported a New Jersey residence in his official immigration filings with the federal government, and in other government documents. (*See* Def. Mem. (Doc. No. 88) at 10-11, citing Doc. Nos. 29, 35, 47-

49.) Thus, any claim to New York residency hardly forms a basis to anchor this action in this court, and provides little basis to accord deference to Takahashi's choice of forum.

All told, a New Jersey court has a much greater interest in the resolution of this dispute than does a New York court, including this federal court. A New Jersey court can construe its own law; compel witnesses and evidence located within its state; empanel a jury of its citizens to find facts arising out of events that took place wholly in New Jersey; resolve litigation against two of its citizens, brought by an alien who has as many ties to New Jersey as he does to New York, all with regard to actions involving alleged fraud committed through a New Jersey limited liability company. For all of the reasons discussed herein, defendants have carried their burden of demonstrating that transfer pursuant to 28 U.S.C. § 1404(a) is warranted.[10]

---

[10] Indeed, all of the facts discussed herein suggest that venue does not even lie in this district under Section 1391. As such, under 28 U.S.C. § 1406(a), which sets forth the mechanism to cure venue defects, a court may dismiss an action or, if it be in the interests of justice, transfer it to any district in which the action could have been brought. Thus, whether invoking Section 1404(a) (where venue is proper but convenience warrants transfer), or Section 1406(a) (where venue is improper), transfer is the appropriate remedy.

## CONCLUSION

The defendants' motions to dismiss (Doc. Nos. 88, 89, 90) are granted in part and denied in part. As discussed herein, the Court dismisses all claims in this action with the exception of (1) defendant Cuyco's breach of fiduciary duty only insofar as he failed to disclose material facts as a co-member of Champion Autosports; and (2) defendant Tan's aiding and abetting Cuyco's breach of fiduciary duty. In addition, for the reasons discussed herein, this action is hereby transferred pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of New Jersey.

The Clerk of Court is directed to transfer this action, and close the file in this court.

SO ORDERED.

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
       March 27, 2018