# WU & KAO, PLLC
ATTORNEYS AT LAW

CHINA HEADQUARTERS:
TIANJIN CENTER
NO. 219 NANJING ROAD, 22ND FL.
HEPING DISTRICT, TIANJIN 300051
TEL: (86) 22-2317-0055
FAX: (86) 22-2317-0057

747 THIRD AVENUE
22ND FLOOR
NEW YORK, NEW YORK 10017

(212) 755-8880

FACSIMILE
(212) 755-8890
www.wuandkao.com

February 14, 2019

**VIA ECF and ELECTRONIC MAIL** (dea_orders@njd.uscourts.gov)

Hon. Douglas E. Arpert, U.S.M.J
United States District Court
District of New Jersey
402 East State Street, Courtroom 6W
Trenton, New Jersey 08608

    Re: Hiroki Takahashi v. Renato Cuyco and Lincoln Tan, Jr.
       Civ. Act. No.: Case No.: 3:18-cv-04594 (PGS) (DEA)

Dear Judge Arpert:

  As your honor is aware, there are several outstanding discovery issues stemming from Defendant Lincoln Tan's failure to respond to Plaintiff's First Set of Interrogatories and Requests For Production. Defendant Tan's responses to Plaintiff's Interrogatories were for the most part non-responsive, and Defendant Tan wholly failed to furnish any responses (or even object) to Plaintiff's Requests For Production.

  Counsel for the parties met in good faith in an effort to resolve outstanding discovery issues, but were not able to find resolution. Accordingly, in accordance with your February 6, 2019 Order, we write to seek appropriate relief from the Court so as to compel Defendant Tan to fully and completely respond to Plaintiff's First Set of Interrogatories and Requests For Production of Documents.

  Defendant Tan's responses to Plaintiff's First Set of Interrogatories include either baseless objections or are non-responsive. More particularly, all (but one) of the responses at issue assert a generic objection based upon attorney-client privilege, without specifying how or why the privilege applies. This type of conclusory and unsupported objection is insufficient. *In re Grand Jury Empanelled* 603 F.3d 469, 474 (3d Cir. 1979) (The party asserting the attorney-client privilege bears the burden to show that it applies.) More importantly, Defendant Tan's objections based on privilege are wholly without merit because the information sought is not a privileged communication, or the privilege was either waived or inapplicable.

Facts are not communications and are discoverable. *Louisiana Mun. Police Employees Retirement System v. Sealed AirCorp*, 253 F.R.D. 300, 305 (D.N.J. 2008) "The [attorney-client] privilege protects *only* those disclosures — necessary to obtain informed legal advice — which might not have been made absent the privilege." Westinghouse Elec. Corp. v. Republic of the Philippines, 951 F.2d 1414, 1423-24 (3d Cir. 1991).*citing Fisher v. United States,* 425 U.S. 391, 403, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39 (1976) (emphasis added).

Here, the information sought relates to the assistance Defendant Tan provided Defendant Renato Cuyco in forming and operating entities in direct competition with Champion Autosports, LLC ("Champion Autosports") (an entity Defendant helped form and operate), and the dual roles he played to the detriment of Plaintiff (the majority member of Champion Autosports.) Basic information, including a general description of the services he provided to Champion Autosports and newly created competitors, communications he made to Plaintiff, and the like are fully discoverable, and despite Defendant Tan's assertion to the contrary, not privileged. In addition, there is no privilege as to information relating to Champion Autosports because Defendant Tan represented Champion Autosports, and Plaintiff was a majority member of Champion Autosports.

As further articulated below, Defendant's Tan's objections to Plaintiff's Interrogatories on the basis of privilege are simply without merit:

**Interrogatory No. 4:** Identify and describe all legal, accounting, or tax related services you provided to Defendant Cuyco prior to March 1, 2013.

**Defendant's Objection**: Privileged

**Plaintiff's Response**: The objection is without merit because the Interrogatory does not ask Tan to waive privilege or provide privileged information, but rather asks for a summary of the services provided which is not privileged. A description of the legal service in and of itself is not a communication between an attorney and a client and is therefore not privileged See *In re Human Tissue Prod. Liab. Litig.*, 255 F.R.D. 151, 164 (D.N.J. 2008)(Underlying facts themselves are never privileged.) Therefore, Defendant Tan's objection is without merit.

**Interrogatory No. 5**: Identify and describe all legal, accounting, or tax related services you performed for Champion Autosports, LLC, including without limitation the nature of the services, the dates you performed said services, the name of the person who authorized you to perform services, and the compensation you received.

**Objection**: Privileged

**Plaintiff's Response**: Plaintiff held an 80% membership interest in Champion Autosports, LLC so there is no privilege. Furthermore, pursuant to NJ Rule: 2A:84A-20 ) "a communication relevant to an issue of breach of duty by the lawyer to his client, or by

the client to his lawyer" is not a privilege. Likewise, "[w]here 2 or more persons have employed a lawyer to act for them in common, none of them can assert such privilege as against the others as to communications with respect to that matter." In addition, the interrogatory seeks only a description of services, not privileged communications. See *In re Human Tissue Prod. Liab. Litig.*, 255 F.R.D. 151, 164 (D.N.J. 2008) *supra*. Therefore, Defendant Tan's objection is without merit.

**Interrogatory No. 6:** Identify and describe all documents you prepared for or on behalf of Champion Autosports.

**Objection**: Privileged

**Plaintiff's Response**: Plaintiff held an 80% membership interest in Champion Autosports, LLC so there is no privilege. Furthermore, pursuant to NJ Rule: 2A:84A-20 ) "a communication relevant to an issue of breach of duty by the lawyer to his client, or by the client to his lawyer" is not a privilege. Likewise, "[w]here 2 or more persons have employed a lawyer to act for them in common, none of them can assert such privilege as against the others as to communications with respect to that matter." In addition, the interrogatory seeks only a description of services, not privileged communications. See *In re Human Tissue Prod. Liab. Litig.*, 255 F.R.D. 151, 164 (D.N.J. 2008) *supra*. Therefore, Defendant Tan's objection is without merit.

**Interrogatory No. 7:** Identify and describe all communications you had with Plaintiff Takahashi concerning or relating to the formation and operation of Champion Autosports, LLC, including without limitation, the date of the communication, a description of the communication, the reason for the communication, and the method of communication.

**Objection**: Privileged

**Plaintiff's Response**: Plaintiff held an 80% membership interest in Champion Autosports, LLC so there is no privilege. Furthermore, pursuant to NJ Rule: 2A:84A-20 ) "a communication relevant to an issue of breach of duty by the lawyer to his client, or by the client to his lawyer" is not a privilege. Likewise, "[w]here 2 or more persons have employed a lawyer to act for them in common, none of them can assert such privilege as against the others as to communications with respect to that matter." In addition, the interrogatory seeks only a description of services, not privileged communications. See *In re Human Tissue Prod. Liab. Litig.*, 255 F.R.D. 151, 164 (D.N.J. 2008) *supra*. Therefore, Defendant Tan's objection is without merit.

**Interrogatory No. 8:** Identify and describe all communications you had with Defendant Cuyco concerning or relating to the formation and operation of Champion Autosports, LLC, including without limitation, the date of the communication, a description of the communication, the reason for the communication, and the method of communication,

but excluding any and all communications directly relating to any purported illegal export of automobiles by you, Cuyco, or Champion Autosports.

**Objection**: Privileged

**Plaintiff's Response**: Plaintiff held an 80% membership interest in Champion Autosports, LLC so there is no privilege. Furthermore, pursuant to NJ Rule: 2A:84A-20 ) "a communication relevant to an issue of breach of duty by the lawyer to his client, or by the client to his lawyer" is not a privilege. Likewise, "[w]here 2 or more persons have employed a lawyer to act for them in common, none of them can assert such privilege as against the others as to communications with respect to that matter." In addition, the interrogatory seeks only a description of services, not privileged communications. See *In re Human Tissue Prod. Liab. Litig.,* 255 F.R.D. 151, 164 (D.N.J. 2008) *supra*. Therefore, Defendant Tan's objection is without merit.

**Interrogatory No. 9:** Identify and describe all legal, accounting, or tax related services you performed for the Cuyco Entities, including without limitation the nature of the services, the dates you performed said services, the name of the person who authorized you to perform services, and the compensation you received.

**Objection**: Privileged

**Plaintiff's Response**: The objection is without merit because the Interrogatory does not ask Tan to waive privilege or provide privileged information, but rather asks for a summary of the services provided which is not privileged. A description of the legal service in and of itself is not a communication between an attorney and a client and is therefore not privileged See *In re Human Tissue Prod. Liab. Litig.,* 255 F.R.D. 151, 164 (D.N.J. 2008)(Underlying facts themselves are never privileged.) Furthermore, compensation is not a communication between an attorney and client and therefore is not privileged. *Gerald B. Lefcourt P. C. v. United States,* 125 F.3d 79, 86 (2d Cir. 1997). (Information regarding the payment of fees is not privileged.); Therefore, Defendant Tan's objection is without merit.

**Interrogatory No. 10:** Identify and describe all documents you prepared for or on behalf of the Cuyco Entities.

**Objection**: Privileged

**Plaintiff's Response**: **Plaintiff's Response**: The objection is without merit because the Interrogatory does not ask Tan to waive privilege or provide privileged information, but rather asks for a description of the documents he prepared. A description of the documents, and the documents themselves are not a communication between an attorney and a client and is therefore not privileged See *In re Human Tissue Prod. Liab. Litig.,* 255

F.R.D. 151, 164 (D.N.J. 2008)(Underlying facts themselves are never privileged.) Therefore, Defendant Tan's objection is without merit.

**Interrogatory No. 11:** Identify and describe all communications you had with Defendant Cuyco concerning or relating to the formation and operation of the Cuyco Entities, including without limitation, the date of the communication, a description of the communication, the reason for the communication, and the method of communication, but excluding any and all communications directly relating to any purported illegal export of automobiles by you, Cuyco, or the Cuyco Entities.

**Objection**: Privileged

**Plaintiff's Response**: Pursuant to NJ Rule: 2A:84A-20 ) "a communication relevant to an issue of breach of duty by the lawyer to his client, or by the client to his lawyer" is not a privilege. Likewise, "[w]here 2 or more persons have employed a lawyer to act for them in common, none of them can assert such privilege as against the others as to communications with respect to that matter In addition, Plaintiff is entitled to this information because he was named as a member of the Cuyco Entities in documents alleged to have been prepared by Defendant Tan, without his consent or knowledge. Accordingly, Defendant Tan's objection is wholly without merit.

**Interrogatory No. 12:** Identify and describe all communications you had with Defendant Cuyco concerning or relating to Takahashi's interest in any of the Cuyco Entities, including without limitation, the date of the communication, a description of the communication, the reason for the communication, and the method of communication.

**Objection**: Privileged

**Plaintiff's Response**: Pursuant to NJ Rule: 2A:84A-20 ) "a communication relevant to an issue of breach of duty by the lawyer to his client, or by the client to his lawyer" is not a privilege. Likewise, "[w]here 2 or more persons have employed a lawyer to act for them in common, none of them can assert such privilege as against the others as to communications with respect to that matter In addition, Plaintiff is entitled to this information because he was named as a member of the Cuyco Entities in documents alleged to have been prepared by Defendant Tan, without his consent or knowledge. Accordingly, Defendant Tan's objection is wholly without merit.

**Interrogatory No. 13:** Identify and describe all communications you had with Plaintiff Takahashi concerning or relating to any of the Cuyco Entities, including without limitation, the date of the communication, a description of the communication, the reason for the communication, and the method of communication, but excluding any and all communications directly relating to any purported illegal export of automobiles by you, Cuyco, or the Cuyco Entities.

**Objection**: Privileged

**Plaintiff's Response**: This interrogatory seeks information relating to communications between Defendant Tan and Plaintiff, which is necessarily not privileged. Moreover, Pursuant to NJ Rule: 2A:84A-20 ) "a communication relevant to an issue of breach of duty by the lawyer to his client, or by the client to his lawyer" is not a privilege. Likewise, "[w]here 2 or more persons have employed a lawyer to act for them in common, none of them can assert such privilege as against the others as to communications with respect to that matter In addition, Plaintiff is entitled to this information because he was named as a member of the Cuyco Entities in documents alleged to have been prepared by Defendant Tan, without his consent or knowledge. Accordingly, Defendant Tan's objection is wholly without merit.

> **Interrogatory No. 14:** Identify and describe all assistance and/or legal or notary services you performed for Cuyco or the Cuyco Entities in connection with the preparation and execution of the Release of Plaintiff's Lease of 1980 Highway 35, South Amboy, Monmouth County, New Jersey.

**Objection**: Privileged

**Plaintiff's Response**: **Plaintiff's Response**: The objection is without merit because the Interrogatory does not ask Tan to waive privilege or provide privileged information, but rather asks for a summary of the services provided which is not privileged. A description of the legal service in and of itself is not a communication between an attorney and a client and is therefore not privileged See *In re Human Tissue Prod. Liab. Litig.*, 255 F.R.D. 151, 164 (D.N.J. 2008)(Underlying facts themselves are never privileged.) Furthermore, pursuant to NJ Rule: 2A:84A-20 ) "a communication relevant to an issue of breach of duty by the lawyer to his client, or by the client to his lawyer" is not a privilege. Likewise, "[w]here 2 or more persons have employed a lawyer to act for them in common, none of them can assert such privilege as against the others as to communications with respect to that matter." In addition, Plaintiff is entitled to this information because he was named as a member of the Cuyco Entities in documents alleged to have been prepared by Defendant Tan, without his consent or knowledge. Therefore, Defendant Tan's objection is without merit.

> **Interrogatory No. 15:** Identify and describe all assistance and/or legal services you performed for Cuyco or the Cuyco Entities in connection with the preparation and execution of any lease, or assignment of lease, of real property located at 1980 Highway 35, South Amboy, Monmouth County, New Jersey.

**Objection**: Privileged

**Plaintiff's Response: Plaintiff's Response**: The objection is without merit because the Interrogatory does not ask Tan to waive privilege or provide privileged information, but rather asks for a summary of the services provided which is not privileged. A description of the legal service in and of itself is not a communication between an attorney and a client and is therefore not privileged See *In re Human Tissue Prod. Liab. Litig.*, 255 F.R.D. 151, 164 (D.N.J. 2008)(Underlying facts themselves are never privileged.) Furthermore, pursuant to NJ Rule: 2A:84A-20 ) "a communication relevant to an issue of breach of duty by the lawyer to his client, or by the client to his lawyer" is not a privilege. Likewise, "[w]here 2 or more persons have employed a lawyer to act for them in common, none of them can assert such privilege as against the others as to communications with respect to that matter." In addition, Plaintiff is entitled to this information because he was named as a member of the Cuyco Entities in documents alleged to have been prepared by Defendant Tan, without his consent or knowledge. Therefore, Defendant Tan's objection is without merit.

**Interrogatory No. 16:** Identify and describe all communications you had with Plaintiff Takahashi concerning or relating to Plaintiff's Lease of 1980 Highway 35, South Amboy, Monmouth County, New Jersey.

**Objection**: Privileged

**Plaintiff's Response**: This interrogatory seeks information relating to communications between Defendant Tan and Plaintiff, which is necessarily not privileged. The objection is without merit because the Interrogatory does not ask Tan to waive privilege or provide privileged information, but rather asks for a summary of the services provided which is not privileged. A description of the legal service in and of itself is not a communication between an attorney and a client and is therefore not privileged See *In re Human Tissue Prod. Liab. Litig.*, 255 F.R.D. 151, 164 (D.N.J. 2008)(Underlying facts themselves are never privileged.) Furthermore, pursuant to NJ Rule: 2A:84A-20 ) "a communication relevant to an issue of breach of duty by the lawyer to his client, or by the client to his lawyer" is not a privilege. Likewise, "[w]here 2 or more persons have employed a lawyer to act for them in common, none of them can assert such privilege as against the others as to communications with respect to that matter." Therefore, Defendant Tan's objection is without merit.

**Interrogatory No. 17:** Identify and describe all communications you had with Defendant Cuyco concerning or relating to any lease, or any assignment of lease, of real property located at 1980 Highway 35, South Amboy, Monmouth County, New Jersey.

**Objection**: Privileged

**Plaintiff's Response**: **Plaintiff's Response**: The objection is without merit because the Interrogatory does not ask Tan to waive privilege or provide privileged information, but rather asks for a summary of the services provided which is not privileged. A description of the legal service in and of itself is not a communication between an attorney and a client and is therefore not privileged See *In re Human Tissue Prod. Liab. Litig.*, 255 F.R.D. 151, 164 (D.N.J. 2008)(Underlying facts themselves are never privileged.) Furthermore, pursuant to NJ Rule: 2A:84A-20 ) "a communication relevant to an issue of breach of duty by the lawyer to his client, or by the client to his lawyer" is not a privilege. Likewise, "[w]here 2 or more persons have employed a lawyer to act for them in common, none of them can assert privilege. Accordingly, Defendant Tan's objection is without merit.

**Interrogatory No. 19:** Identify and describe all tax services you provided to Champion Autosports, LLC, including without limitation, the nature of the services, the dates you performed said services, the person who authorized you to perform services, and the compensation you received.

**Objection**: Privileged

**Plaintiff's Response:** Plaintiff held an 80% membership interest in Champion Autosports, LLC so there is no privilege. Furthermore, pursuant to NJ Rule: 2A:84A-20 ) "a communication relevant to an issue of breach of duty by the lawyer to his client, or by the client to his lawyer" is not a privilege. Likewise, "[w]here 2 or more persons have employed a lawyer to act for them in common, none of them can assert such privilege as against the others as to communications with respect to that matter." In addition, the interrogatory seeks only a description of services, not privileged communications. See *In re Human Tissue Prod. Liab. Litig.*, 255 F.R.D. 151, 164 (D.N.J. 2008) *supra*. Therefore, Defendant Tan's objection is without merit.

**Interrogatory No. 20:** Identify and describe all tax services you provided to the Cuyco Entities, including without limitation, the nature of the services, the dates your performed said services, the person who authorized you to perform services, and the compensation you received.

**Objection**: Privileged

**Plaintiff's Response**: **Plaintiff's Response**: The objection is without merit because the Interrogatory does not ask Tan to waive privilege or provide privileged information, but rather asks for a summary of the services provided which is not privileged. A description of the legal service in and of itself is not a communication between an attorney and a client and is therefore not privileged See *In re Human Tissue Prod. Liab. Litig.*, 255 F.R.D. 151, 164 (D.N.J. 2008)(Underlying facts themselves are never privileged.)

Hon. Douglas Arpert, U.S.M.J
United States District Court, District Of New Jersey
Page **9** of **9**

Furthermore, pursuant to NJ Rule: 2A:84A-20 ) "a communication relevant to an issue of breach of duty by the lawyer to his client, or by the client to his lawyer" is not a privilege. Likewise, "[w]here 2 or more persons have employed a lawyer to act for them in common, none of them can assert privilege. In addition, Plaintiff is entitled to this information because he was named as a member of the Cuyco Entities in documents alleged to have been prepared by Defendant Tan, without his consent or knowledge. Accordingly, Defendant Tan's objection is without merit.

**Interrogatory No. 24:** Identify and describe the nature of any criminal investigations for which you are currently identified as a target.

**Objection:** Defendant objects in so far as the question calls for a legal conclusion regarding the term target. Notwithstanding said objection, the State of New Jersey, Office of the Attorney General, indicated they have an open investigation.

**Plaintiff's Response:** The objection is without merit because Defendant Tan already represented to the Court, in his motion for a stay, that he was the target of a criminal investigation. Furthermore, Defendant Tan fails to identify the nature of the investigation, as requested in the Interrogatory.

### Conclusion

Defendant Tan's stated objections to Plaintiff's Interrogatories, and failure to respond to (or even object to) Plaintiff's Requests for Production, necessitates an order compelling disclosure.

Respectfully submitted,

WU & KAO, PLLC

*/s Alexander R. Fink*
Alexander Fink

cc: Joel Silberman, Esq. (via electronic mail)