| | |
|---|---|
| **HIROKI TAKAHASHI,** | : |
| | : UNITED STATES DISTRICT COURT |
| Plaintiff, | : DISTRICT OF NEW JERSEY |
| | : |
| v. | : Civil Action No. 18-4594 (PGS) |
| | : |
| **RENATO CUYCO, et al.,** | : MEMORANDUM AND ORDER |
| | : |
| Defendants. | : |

**ARPERT, UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on Plaintiff Hiroki Takahashi's informal application to compel Defendant Lincoln Tan, Jr., to furnish responsive answers to Plaintiff's Interrogatories and Request for Production. ECF No. 127. Plaintiff contends Defendant's answers to Plaintiff's Interrogatories "include either baseless objections or are nonresponsive," and that Defendant "wholly failed to furnish any responses (or even object) to Plaintiff's Requests for Production." Id. Defendant opposes the application. ECF Nos. 129-130. The Court has fully reviewed the submissions of the parties and heard oral argument on this matter on May 3, 2019. For the reasons set forth below as well as the reasons set forth on the record, Plaintiff's informal application is **GRANTED**.

**I.    BACKGROUND**

Because the Court writes only for the parties, it recites only those facts necessary to its disposition.[1] Plaintiff commenced this action in June 2015 in the Eastern District of New York alleging, inter alia, breach of fiduciary duty, conversion, and fraud. ECF No. 1. Pursuant to the March 2018 Memorandum and Order of U.S. District Judge Roslynn R. Mauskopf, all claims were dismissed except "[D]efendant Cuyco's breach of fiduciary

---

[1] For a complete recitation of the facts, see U.S. District Judge Roslynn R. Mauskopf's Memorandum and Order at ECF No. 106.

1

duty only insofar as he failed to disclose material facts as a co-member of Champion Autosports; and (2) defendant Tan's aiding and abetting Cuyco's breach of fiduciary duty." ECF No. 106 at p.7. Judge Mauskopf also transferred the matter to the District of New Jersey. Id. Pursuant to this Court's Initial Scheduling Order of November 2018, the Parties' initial written discovery requests were to be served by December 14, 2018, while responses were to be served by January 31, 2019. ECF No. 125 at ¶¶7-8. Pursuant to L.Civ.R. 16.1, the Parties also were ordered to "meet and confer in a good faith effort to resolve any discovery or case-management dispute," while any unresolved disputes were to be brought to the Court's attention promptly by a joint letter. Id at ¶9. At a February 6, 2019 status conference, the Parties identified the instant discovery dispute. This Court ordered the parties to submit any unresolved dispute in writing by February 22, 2019, with any response to be submitted by March 7, 2019. ECF No. 126 at ¶3. Plaintiff by letter to the Court dated February 14, 2019 contended that Defendant Tan had failed to respond to Plaintiff's First Set of Interrogatories and Requests for Production by asserting a blanket objection citing an attorney-client privilege. ECF No. 127. By letter dated February 20, 2019, Defendant Tan asserted that his invocation of the attorney-client privilege was "proper" and "those valid objections should not be disturbed by the Court." ECF No. 129.[2] The Court heard oral argument on the matter on May 3, 2019.

## I.  LEGAL STANDARD

It is well established that the scope of discovery in federal litigation is broad. Fed. R. Civ. P. 26(b)(1). "The general rule in the federal system is that, subject to the district

---

[2] Defendant Tan separately raised a second discovery issue by letter dated February 18, 2019 regarding a settlement agreement Plaintiff had reached with a co-Defendant who had been dismissed by Judge Mauskopf's Order, but that issue was resolved by the Parties. *See* ECF Nos. 128, 131.

court's discretion, '[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.'" Republic of Argentina, 573 U.S. at 139 (*quoting* Fed. Rule Civ. Proc. 26(b)(1)); *see also* Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000). Information sought by the parties need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). During discovery, "[a] party may serve on any other party a request within the scope of Rule 26(b)" to produce documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Of course, the responding party is not obliged to produce documents it does not possess or cannot obtain. *See* Bumgarner v. Hart, 2007 WL 38700, at *5 (D.N.J. Jan. 4, 2007) (holding that the Court cannot order production of documents that are not in the responding party's possession or control). Not only must the requested documents be in the responding party's possession or control, they also must be relevant. The precise boundaries of the Rule 26 relevance standard depend upon the context of each particular action, and the determination of relevance is within the discretion of the District Court. Barnes Found. v. Twp. of Lower Merion et al., 1996 WL 653114, at *1 (E.D.Pa. 1996). While the scope of discovery is undoubtedly broad, the Federal Rules also provide that a Court "must limit the frequency or extent of discovery otherwise allowed" if it concludes that: (1) the discovery sought is cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (3) the proposed discovery is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C). Further, "the Court has a responsibility to protect privacy and confidentiality interests" and "has authority to fashion a set of limitations that allow as

much relevant material to be discovered as possible...while preventing unnecessary intrusions into legitimate interests that may be harmed by the discovery of material sought." Schmulovich v. 1161 Rt. 9 LLC, Civ. No. 07-597, 2007 WL 2362598, at *1–2 (D.N.J. Aug. 15, 2007); *see also* Pearson, 211 F.3d at 65; Fed. R. Civ. P. 26(c).

Finally, Rule 37(a) allows a party to file a motion to compel discovery where the opposing party fails to respond adequately to a document request propounded pursuant to Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). Ultimately, it is within the Court's discretion whether to grant a motion to compel disclosure. In re Cendant Corp. Sec. Litig., 343 F.3d 658, 668 (3d Cir. 2003).

II. **DISCUSSION**

Principally, Plaintiff contends Defendant improperly asserted "a generic objection based upon attorney-client privilege, without specifying how or why the privilege applies" to Plaintiff's Interrogatories. ECF No. 127 at p.1. Plaintiff cites In re Grand Jury Empanelled, 603 F.3d 469, 474 (3d Cir. 1979) for the proposition that "[t]he party asserting the attorney-client privilege bears the burden to show that it applies." Id. Moreover, Defendant's objection, Plaintiff contends, "is wholly without merit because the information sought is not a privileged communication, or the privilege was either waived or inapplicable." Id.

The information sought is not privileged, Plaintiff contends, for Interrogatory No. 4 because facts are not communications, and facts are what Plaintiff sought in that interrogatory, which states: "Identify and describe all legal, accounting, or tax related services you provided to Defendant Cuyco prior to March 1, 2013." Id. at p.2. Plaintiff contends that In re Human Tissue Prod. Liab. Litig., 255 F.R.D. 151,164 (D.N.J. 2008)

stands, in part, for the proposition that "[a] description of the legal service in and of itself is not a communication between an attorney and a client and is therefore not privileged." Id. (*citing* Human Tissue Prod. Liab. Litig., 255 F.R.D. at 164). Plaintiff raises a similar argument for Interrogatory Nos. 9-10,14-17,19-20. Id. at pp.2-8.

Privilege was inapplicable for Interrogatory Nos. 5-8, 19-20, Plaintiff contends, because those interrogatories seek information related legal and tax services Defendant Tan allegedly provided to Champion Autosports LLC. Id. at pp.2-4,8. As Plaintiff was a member of that limited liability company along with Defendant Renato Cuyco—Plaintiff allegedly holds an 80% stake—Plaintiff contends Defendant Tan would have represented both Plaintiff and Defendant Cuyco when performing services for that entity. Id. (*citing* N.J.R. 2A:84A-20: "[w]here 2 or more persons have employed a lawyer to act for them in common, none of them can assert such privilege as against the others as to communications with respect to that matter.") Plaintiff makes similar arguments as to Interrogatory Nos. 9-13, which seek information related to "the Cuyco entities," in which Plaintiff contends he holds an ownership stake, though he does not quantify the size of that interest. Id. at pp.4-6.

Finally, Plaintiff contends he is not asking Defendant Tan to waive privilege in Interrogatory Nos. 14-17, which seek information related to the lease on property that Plaintiff claims Defendants surreptitiously transferred out of his name and into the name of Champion Leasing and Champion Performance. Id. at pp.6-8; *see* also ECF No. 5 at ¶19. Instead, Plaintiff contends he seeks the same as discussed above, the identification of and description of legal or notary services he provided for Defendant Cuyco, the Cuyco entities and the South Amboy property lease. Id.

Defendant counters that <u>Fisher v United States</u> stands for the principle that "the privilege between attorney and client protects those disclosures necessary to obtain informed legal advice." ECF No. 129. at p.1 (*citing* <u>Fisher</u>, 425 U.S. 391 (1976)). Defendant extrapolates from this to conclude that "[a]sking an attorney for a summary of all the services and issues they have advised a client guts this entire theory." Id. Defendant contends that, contrary to Plaintiff's argument, a summary of all legal work performed for a client, as requested in many of the interrogatories detailed above, is protected by the attorney-client privilege. Id. Furthermore, Defendant asks how Plaintiff can argue that the privilege is not implicated by the Champion Autosports share structure since Plaintiff's Complaint refers to Defendant Tan only as Defendant Cuyco's attorney and nowhere alleges that Defendant Tan represented Champion Autosports. Id. at p.2 (*citing* ECF No. 5, ¶¶60,62-64).

Plaintiff counters that privilege "protects *only* those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege." ECF No. 127 at p.2 (*emphasis in original*).[3] Plaintiff contends, then, that the interrogatories sought facts, on the principle that "[f]acts are not communications and thus are discoverable." Id. (*citing* <u>Louisiana Mun. Police Employees Ret. Sys. v. Sealed Air Corp.</u>, 253 F.R.D. 300, 305 (D.N.J. 2008) (*citing* <u>United States v. Rockwell</u>, 897 F.2d 1255, 1264 (3d Cir. 1990)). Thus, Plaintiff contends, "[b]asic information, including a general description of the services [Tan] provided to Champion Autosports and newly

---

[3] Plaintiff quotes <u>Westinghouse Elec. Corp. v. Republic of the Philippines</u>, 951 F.2d 1414, 1423-24, (3d Cir. 1991) and states that <u>Westinghouse</u> cites <u>Fisher</u>, 425 U.S. at 403, but the quote also comes in full from <u>Fisher</u>.

6

created competitors, communications he made to Plaintiff, and the like are fully discoverable, and despite Defendant Tan's assertion to the contrary, not privileged." Id.

The Court observes as a threshold matter that it is well-settled in the Third Circuit that the "party asserting the attorney-client privilege bears the burden to show that it applies." In re Grand Jury Empanelled, 603 F.2d 469, 474 (3d Cir.1979).

As stated by U.S. Magistrate Judge Mark Falk: "The Third Circuit has enumerated the elements of the privilege as follows: The privilege applies only if:

(1) the asserted holder of the privilege is or sought to become a client;
(2) the person to whom the communication was made
    (a) is a member of the bar of a court, or his subordinate; and
    (b) in connection with this communication is acting as a lawyer;
(3) the communication relates to a fact of which the attorney was informed
    (a) by his client
    (b) without the presence of strangers
    (c) for the purpose of securing primarily either
        (i) an opinion on law or
        (ii) legal services or
        (iii) assistance in some legal proceeding, and not
(d) for the purpose of committing a crime or tort; and
(4) the privilege has been:
    (a) claimed and
    (b) not waived by the client."
Louisiana Mun. Police, 253 F.R.D. at 305 (*citing* In re Grand Jury Investigation, 599 F.2d at 1233).

Finally, in litigation based on federal diversity jurisdiction, as here, courts also look to issues of privilege based on state law. See In re Ford Motor Corp., 110 F.3d 954, 965-66 (3d Cir. 1997). Thus, the Court will consider the attorney-client privilege under New Jersey law. In this state, "[t]he purpose of the attorney-client privilege is 'to encourage clients to make full disclosure to their attorneys,' Macey v. Rollins Envt'l Servs., 179 N.J.Super. 535, 539, 432 *A*.2d 960 (App.Div.1981), because such confidentiality is an 'indispensable ingredient in our legal system.' In re Grand Jury

Subpoenas, 241 N.J.Super. 18. 28, 574 A.2d 449 (App.Div.1989)." The Bedford Falls Land Co. v. Twp. of Raritan, 2014 WL 7367176, at *3 (N.J. Tax Ct. Dec. 26, 2014). And, "[c]onfidential communications are only those 'communications which the client either expressly made confidential or which he could reasonably assume under the circumstances would be understood by the attorney as so intended.'" Bedford Falls Land, 2014 WL 7367176, at *3 (*citing* State v. Schubert, 235 N.J.Super. 212, 221 (App. Div.1989), *certif. denied,* 121 *N.J.* 597 (1990)).

### III.  ANALYSIS

Considering the first of the Louisiana Mun. Police factors listed above, the threshold question facing the Court is, who did Defendant Tan represent? In his Answer, filed only after the submissions were filed by the Parties on this issue, Defendant admitted he represented Defendant Cuyco. ECF No. 132 at ¶62. At oral argument, Defendant maintained he provided only or mostly tax and audit services for Champion Autosports and the so-called Cuyco entities, and that he did not at any point represent Plaintiff.[4]

Plaintiff articulated particularized rebuttals to Defendant Tan's objection to each interrogatory. However, it is not necessary for the Court to embark on an interrogatory-by-interrogatory review of the parties' positions. That is because, while Defendant Tan chides Plaintiff for "tak[ing] a very wholesale approach" to arguing that Defendant Tan may not assert the privilege, ECF No. 129 at p.1, the Court concludes it is Defendant Tan that has asserted a wholesale approach to invoking the attorney-client protection. But, "[C]laims of attorney-client privilege must be asserted document by document, rather

---

[4] Defendant Tan apparently did prepare Visa applications for Plaintiff's wife, ECF No. 129 at Exhibit A, No. 7, though this fact does not affect the reasoning of this memorandum.

8

than as a single, blanket assertion." United States v. Rockwell, 897 F.2d at 1265. And, as Fisher states, the attorney-client privilege protects only those disclosures necessary to obtained informed legal advice.

Pursuant to In re Grand Jury Empanelled, as quoted above, the "party asserting the attorney-client privilege bears the burden to show that it applies." Defendant Tan has not met this burden as it pertains to interrogatories referencing Defendant Cuyco, who Defendant Tan admits to representing individually. ECF No. 132 at ¶62. Defendant Tan has made no showing that communications between Defendants Tan and Cuyco meet the conditions discussed by Judge Falk in Louisiana Mun. Police. Defendant Tan has not shown that each and every communication between Defendants Tan and Cuyco was made without the presence of strangers, or for the purpose of securing primarily a legal opinion or service. And as Defendant Cuyco has left the jurisdiction, the Court can not determine whether the privilege was waived by Defendant Cuyco. Moreover, Plaintiff's Amended Complaint alleges that at least some of those communications were for the purpose of committing a crime or tort, not least the conversion of Plaintiff's property, namely the lease as to 1980 Highway 35, South Amboy, New Jersey, as well as fraud. ECF No. 5 at ¶19. Indeed, Defendant Tan has admitted to being the subject of a criminal investigation by New Jersey's Office of the Attorney General, though there are scant details about that investigation. "[T]he attorney-client privilege is narrowly construed because it 'obstructs the truth-finding process.'" Louisiana Mun. Police, 253 F.R.D. at 305. (citation omitted).

Defendant Tan also has not shown how the attorney-client privilege is applicable to Interrogatories seeking details about Defendant Tan's work on behalf of Champion

Autosports, or on behalf of the so-called Cuyco entities.[5] Concomitantly, Defendant Tan has not carried the burden for showing how the privilege applies to Interrogatories seeking information about any assistance and/or legal or notary services Defendant Tan performed for Cuyco or the Cuyco entities in connection with the preparation and execution of the release of Plaintiff's Lease of the South Amboy property. Such interrogatories go to the heart of Plaintiff's allegation that Defendant Tan aided a fraud by Defendant Cuyco to transfer the lease out of Plaintiff's name and into the name of the Cuyco entities, in part by notarizing a fraudulent signature of Plaintiff. As stated above, Grand Jury Empanelled states that the attorney-client privilege does not attach to communications for the purpose of committing a crime or a tort.

In general, the same analysis and conclusions discussed above apply also to Plaintiff's Request for Production. "[C]laims of attorney-client privilege must be asserted document by document, rather than as a single, blanket assertion." United States v. Rockwell, 897 F.2d at 1265. And where work product is involved, the question is whether the work product was produced in anticipation of litigation. Id. Whether a document was produced in anticipation of ligation is a factual matter. Id. As the Rockwell Court stated: "The test…is as follows: 'litigation need not be imminent ... as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation.'" Id. at 1265-66 (*citing* United States v. El Paso Co., 682 F.2d 530, 542-543 (5th Cir. 1982) (*quoting* United States v. Davis, 636 F.2d 1028, 1040 (5th Cir.), *cert. denied,* 454 U.S. 862 (1981))). "The Third Circuit's analogous standard…asks whether

---

[5] The Cuyco entities presumably includes Champion Auto Leasing LLC and Champion Autosports Performance & Custom Creations LLC, two limited liability companies in which Defendant Cuyco is a member. ECF No. 5 at §§10-13. There is no description of what constitutes the "Cuyco entities" in Plaintiff's letter application.

'in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'" Id. at 1266 (*citing* In re Grand Jury Proceedings, 604 F.2d 798, 801 (3d Cir.1979). None of these concepts were addressed by the parties in their letters related to Plaintiff's instant application.

Accordingly,

**IT IS** on this 8th day of May 2019

**ORDERED** that Plaintiff's informal application to compel production is **GRANTED**; and it is

**FURTHER ORDERED** that Defendant Tan must provide by May 31, 2019 answers and documents responsive to Plaintiff's discovery requests; and it is

**FURTHER ORDERED** that any attorney-client privilege objection must set forth the particular facts and case law required to carry the burden of sustaining such objection.

s/ Douglas E. Arpert  
DOUGLAS E. ARPERT  
UNITED STATES MAGISTRATE JUDGE